**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**V.**

**TERQUISE DEMARCO BARNES,**
**Defendant.**

**CRIMINAL NO. 5:21-087-KKC-1**

**OPINION AND ORDER**

*** *** ***

This matter is before the Court on Defendant Tevin Terquise Demarco Barnes' pro se motion requesting copies of "docket entries, plea agreement, and sentencing transcripts." (R. 43.) Barnes requests these documents be provided without cost pursuant to Fed. R. App. P. 24(a)(3), which authorizes a party "who was determined to be financially unable to obtain an adequate defense in a criminal case" to proceed on appeal *in forma pauperis*. Barnes however, failed to file a timely Notice of Appeal under Fed. R. App. P. 3 when advised of his right to appeal. (R. 39.) Barnes also does not have a motion to vacate his sentence or a petition for writ of habeas corpus pending before this Court.

Fees may be waived for "transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act," in "habeas corpus proceedings to persons allowed to sue, defend, or appeal *in forma pauperis*," or in proceedings brought under 28 U.S.C. § 2255 to challenge an imposed sentence. 28 U.S.C. § 753(f). However, "a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent." *U.S. v. Walker*, No. 21-12407, 2023 WL 3735357, at *3 (11th Cir. 2023) (quoting *U.S. v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)); *see also U.S. v. Hernandez-Cuellar*, No. 21-40051, 2021 WL 4484963, at *1 (5th Cir. 2021)

("[b]ecause there was no live action, the district had no basis to consider [defendant's] motion for production"); *Tyler v. Cartledge*, 584 F. App'x 77, 78 (4th Cir. 2014) (citing *U.S. v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. U.S.*, 424 F.2d 278, 278–79 (5th Cir. 1970)) (affirming defendant was not entitled to copies of court documents at government's expense without a pending habeas petition); *U.S. v. Jackson*, 302 F. App'x 122, 123 (3d Cir. 2008) (citing *U.S. v. Horvath*, 157 F.3d 131, 133 (2d Cir. 1998)) ("we are aware of no authority under which the United States may be required to pay the cost of transcripts when no proceeding is pending").

Accordingly, the Court, having reviewed the record and being sufficiently advised, **GRANTS** the motion in part and **DENIES** the motion in part as follows:

(1) Defendant's pro se motion (R. 43.) is **GRANTED** to the extent that Dixon requests a true copy of his docket sheet, and the Clerk of the Court is **DIRECTED** to mail Dixon a courtesy copy of the docket sheet and plea agreement; (R. 27.)

(2) Defendant's pro se motion (R. 43.) is **DENIED** as to Dixon's requests for copies of other documents in the record; and

(3) The Clerk of the Court is **DIRECTED** to send the Defendant information regarding the procedure for requesting documents from the record, including the applicable fees.

This 9th day of November, 2026.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**